J-S64034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| LUIS ORTIZ | |
| Appellant | No. 158 MDA 2017 |

Appeal from the Judgment of Sentence January 5, 2017
In the Court of Common Pleas of Luzerne County Criminal Division at No(s):
CP-40-CR-0000865-2016,
CP-40-CR-0000866-2016, CP-40-CR-0000867-2016,
CP-40-CR-0004303-2015

BEFORE: PANELLA, J., SHOGAN, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:               **FILED NOVEMBER 13, 2017**

Appellant, Luis Ortiz, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas. His attorney, Amanda M. Young, Esq. ("Counsel"), has filed an **_Anders_**[1] petition for leave to withdraw. Counsel identifies the following issue on appeal: (1) whether the court imposed a harsh and excessive sentence. We grant Counsel's petition to withdraw and affirm.

The trial court summarized the facts and procedural posture of this case as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] **_Anders v. California_**, 386 U.S. 738 (1967).

[Appellant] pled guilty to various charges as follows: On October 11, 2016, [Appellant] pled guilty on Information Number 430[3] of 2015 to Count 1, Indecent Assault—Person less than thirteen (13) years of age: 18 [Pa.C.S. § 3126(a)(7)], graded as a felony of the third degree (F3), and on Count 2, Corruption of Minors—Defendant age eighteen (18) or above: 18 [Pa.C.S. § 6301(a)(1)(ii)], graded as a felony of the third degree (F3).

On October 11, 2016, [Appellant] pled guilty on information Number 865 of 2016 to Count 1, Corruption of Minors—Defendant age eighteen (18) or above: 18 [Pa.C.S. § 6301(a)(1)(ii)], graded as a felony of the third degree (F3), and on Count 2, Indecent Exposure: 18 [Pa.C.S. § 3127(a)], graded as a misdemeanor of the first degree (M1).

On October 11, 2016, [Appellant] pled guilty on Information Number 866 of 2016 to Count 1, Indecent Assault—Person Less than sixteen (16) years of age: 18 [Pa.C.S. § 3126 (a)(8)], graded as a misdemeanor of the second degree (M2). Lastly, on October 11, 2016, [Appellant] pled guilty on number 867 of 2016 to Count 1, Aggravated Indecent Assault—Less than sixteen (16) years of age: 18 [Pa.C.S. 3125(a)(8)], graded as a felony of the second degree (F2).

\* \* \*

**Aggregate Sentence:** Seventy-eight (78) to one hundred fifty-six (156) months followed by two (2) years' probation.

On January 10, 2017, [Appellant] filed a Motion for Reconsideration and on January 19, 2017, [he] also filed a Notice of Appeal. The Reconsideration of Sentence filed by [Appellant] was denied on January 23, 2012.[2]

---

[2] **See** Pa.R.A.P. 905(a)(5) which provides: "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."

On January 26, 2017, an order was issued directing [Appellant] to fie of record a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) . . . .

Trial Ct. Op., 6/20/17, at 1-3.[3] On February 15, 2017, Appellant filed a Motion for Extension of Time to File Concise Statement of Matters Complained of on Appeal. On February 16, 2017, the court entered an order granting Counsel for Appellant "an extension of 30 days after receipt of all ordered transcripts . . . within which to file" a Rule 1925(b) statement. On April 5, 2017, Counsel for Appellant filed a notice of intent to file an **Anders** Brief.

Counsel identifies the following issue in the **Anders** brief: "Whether the imposition of a 78 to 156 month sentence to run [sic] is harsh and excessive when [Appellant] took responsibility by pleading guilty and this is his first offense." **Anders** Brief at 1.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008).

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in

---

[3] **See id.** at 2 (specifying individual sentences received for each information).

[***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009)]. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief."

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014) (some citations omitted).[4]

If counsel complies with these requirements, "we will make a full examination of the proceedings in the lower court and render an

---

[4] Our Supreme Court in ***Santiago*** "emphasized the difference between an ***Anders*** brief, which offers an issue for a court's consideration, but reflects counsel's candid assessment of the complete lack of merit in his client's case, and a merits brief, which implies that an issue is worthy of review and has some chance of succeeding." ***Santiago***, 978 A.2d at 359-60.

independent judgment [as to] whether the appeal is in fact 'frivolous.'" *Id.* at 882 n.7 (citation omitted).

Instantly, Counsel provided a factual summary of the case with citations to the record. *Anders* Brief at 1-3. Counsel explained the relevant law and discussed why Appellant's claim is meritless, and noted that she found nothing in the record that could arguably support the appeal. *Id.* at 3-5. In conclusion, Counsel's *Anders* brief stated: "Counsel for [Appellant] has made a conscientious review of the record, believes that this appeal is wholly frivolous, and requests permission to withdraw." *Id.* at 5.

Counsel also provided Appellant with a copy of the *Anders* brief and a letter advising Appellant of his rights. Counsel's Mot. to Withdraw, 8/10/17. In light of the foregoing, we hold Counsel has complied with the requirements of *Santiago*. *See Orellana*, 86 A.3d at 879-80. Appellant has not filed a *pro se* or counseled brief. We now examine the record to determine whether the issue on appeal is wholly frivolous. *See id.* at 882 n.7.

In the *Anders* brief, Appellant "asserts that his aggregate sentence of a minimum 78 to a maximum 156 months['] incarceration is excessive because he accepted responsibility by pleading guilty and had a zero prior record score." *Anders* Brief at 3.

Our review is governed by the following principles:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed

on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted).

"The right to appeal the discretionary aspects of a sentence is not absolute." *Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008).

This Court may only reach the merits of an appeal challenging the discretionary aspects of sentence where it appears that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the code or is contrary to the fundamental norms which underlie the sentencing process.

*Id.* (quotation marks and citation omitted). In addition, Pennsylvania Rule of Appellate Procedure 2119(f) requires that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowances of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f); *see also Booze*, 936 A.2d at 1278.

Counsel's **Anders** brief contains a statement of reasons for allowance of appeal. **Anders** Brief at 10. In **Commonwealth v. Lilley**, 978 A.2d 995 (Pa. Super. 2009), this court opined:

> The **Anders** brief challenges discretionary aspects of [the a]ppellant's sentence. [The a]ppellant was required to "set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

> The concise statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates. Additionally, the statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm. If the statement meets these requirements, we can decide whether a substantial question exists.

> **Commonwealth v. Kiesel**, 854 A.2d 530, 532 (Pa. Super. 2004) (internal quotations and citations omitted). [The a]ppellant's Pa.R.A.P. 2119(f) statement fails to cite what particular provision of the code or what specific fundamental norm [the a]ppellant's sentence allegedly violates.

> Nevertheless, in light of Counsel's petition to withdraw, we address [the a]ppellant's contention. **See Commonwealth v. Hernandez**, 783 A.2d 784, 787 (Pa. Super. 2001) (concluding that **Anders** requires review of issues otherwise waived on appeal).

**Id.** at 998.

In the instant case, Appellant's Rule 2119(f) statement fails to cite the provision or the code or fundamental norm the sentence allegedly violates. **See id.** We will review the issue nonetheless. **See id.** This Court has stated:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted).

In making a reasonableness determination, a court should consider four factors:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d)(1)-(4).

> [W]hile a sentence may be found to be unreasonable after review of Section 9781(d)'s four statutory factors, in addition a sentence may also be unreasonable if the appellate court finds that the sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing found in Section 9721, *i.e.*, the protection of the public; the gravity of the offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant. 42 Pa.C.S. § 9721(b). Moreover, even though the unreasonableness inquiry lacks precise boundaries, we are confident that rejection of a sentencing court's imposition of sentence on unreasonableness grounds would occur infrequently, whether the sentence is

- 8 -

above or below the guideline ranges, especially when the unreasonableness inquiry is conducted using the proper standard of review.

*Commonwealth v. Walls*, 926 A.2d 957, 964 (Pa. 2007).

In *Commonwealth v. Corley*, 31 A.3d 293 (Pa. Super. 2011), this Court held:

> [W]here the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report ["PSI"], we will not consider the sentence excessive. In those circumstances, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

*Id.* at 298 (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)) (quotation marks omitted); *see also Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (stating "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code").

At the guilty plea hearing, Appellant pled guilty to the following:

> [The Commonwealth:] First on 4303 of 2015, in March of 2015, a forensic interview was conducted on a minor child with the initials E.A., her date of birth is May 11th, 2006. At that time it was determined that between January of 2011 and January of 2012, her sister's boyfriend, [Appellant], had forced her to have sexual contact with him on multiple occasions.
>
> On 865 of 2016, on November 17th of 2015, a forensic interview was conducted on . . . a minor female [sic] initials A.Z., date of birth October 10th, 2000, and it was determined that between June and July of . . . 2014, [Appellant] had exposed himself to the minor child and had

- 9 -

rubbed her back and tried to initiate sexual intercourse with her.

On 866 of 2016, on November 23rd, of 2015, an interview was conducted at The Child Advocacy Center with a minor female with the initials A.N., date of birth 2/13/2001. A.N. is intellectually delayed, and it was determined at that time that [Appellant] had inappropriately forced her to touch his genitals and had touched her genitals between June of 201[5] and August of 201[5].

Finally, on 867 of 2016, on November 17th of 2015, F.N., a minor female with the date of birth of October 13, 1999, who is the sister of A.N., did inform The Child Advocacy Center that between December of 2013 and January of 2014, [Appellant] had used his fingers to digitally penetrate her without her consent and she was under 16 at the time.

The Court: did you hear those facts, sir, on each of those cases?

[Appellant:] Yes, ma'am.

The Court: Are you pleading guilty to those facts?

[Appellant:] Yes, ma'am.

N.T. Guilty Plea Hr'g, 10/11/16, at 10-12.

Instantly, the trial court opined:

In the case at bar, the record clearly illustrates that the trial court had benefit of a PSI, while also taking into consideration the age of the victims, the fact that the crimes range from aggravated indecent assault to indecent exposure, the randomness of the sexual assaults, and the impact that it has had on every victim involved. The record also clearly illustrates that the trial court sentenced [Appellant] within the standard range of the guidelines.

* * *

- 10 -

> The court reviewed the transcripts, relevant law, oral colloquies, the PSI, th[e] facts that formed the basis of the guilty plea, and sentenced [Appellant] within statutory guidelines. Here the Sentencing Court clearly and expressly complied with the requirements of 42 Pa.C.S. § 9721(b) by imposing a sentence ["]that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of [Appellant.]" *Id.*

Trial Ct. Op. at 4, 7.

We discern no abuse of discretion in the trial court's conclusions. *See Sheller*, 961 A.2d at 190. The court considered the factors in Section 9721(b). *See Walls*, 926 A.2d at 964. The court imposed a standard-range sentence with the benefit of a PSI. Therefore, Appellant's sentence of seventy-eight to one hundred fifty-six months' incarceration, followed by two years' probation, was not manifestly excessive. *See Corley*, 31 A.3d at 298; *Moury*, 992 A.2d at 171.

A review of the record reveals no other meritorious issue that could provide relief.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/13/2017</u>